IC



**FILED**
4/7/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Cornelius Cobbins

                                    )
                                    )
                                    )
                                    ,   )
                                    )
        Plaintiff(s),               )
                                    )
            vs.                     )
Maria Pappas                        )
Cook County Treasurer, in offical Capacity )
                                    )
Cook County Clerk, in Official Capacity )
Cook County, Illinois               )
Riz Holding LLC                     )
            Defendant(s).           )

**RECEIVED**

APR 06 2026 JXM

**THOMAS G. BRUTON**
**CLERK, U.S. DISTRICT COURT**

Case No.

**1:26-cv-03802**
**Judge Franklin U. Valderrama**
**Judge Gabriel A. Fuentes**
**RANDOM/CAT.2**

## COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS

*This form complaint is designed to help you, as a pro se plaintiff, state your case in a clear manner. Please read the directions and the numbered paragraphs carefully. Some paragraphs may not apply to you. You may cross out paragraphs that do not apply to you. All references to "plaintiff" and "defendant" are stated in the singular but will apply to more than one plaintiff or defendant if that is the nature of the case.*

1.      This is a claim for violation of plaintiff's civil rights as protected by the Constitution and laws of the United States under 42 U.S.C. §§ 1983, ~~1985~~, and ~~1986~~.

2.      The court has jurisdiction under 28 U.S.C. §§ 1343 and 1367.

3.      Plaintiff's full name is Cornelius Cobbins.

*If there are additional plaintiffs, fill in the above information as to the first-named plaintiff and complete the information for each additional plaintiff on an extra sheet.*

1

4. Defendant, Cook County Treasurer Maria Pappas , is
(name, badge number if known)

☑ an officer or official employed by Cook County Treasure's office ;
(department or agency of government)

_____or

☐ an individual not employed by a governmental entity.

*If there are additional defendants, fill in the above information as to the first-named defendant and complete the information for each additional defendant on an extra sheet.*

5. The municipality, township or county under whose authority defendant officer or official

acted is Cook County Illinois . As to plaintiff's federal

constitutional claims, the municipality, township or county is a defendant only if

custom or policy allegations are made at paragraph 7 below.

6. On or about 12-02-2022 , at approximately 12 ☐ a.m. ☑ p.m.
(month, day, year)
plaintiff was present in the municipality (or unincorporated area) of City of

Chicago , in the County of Cook County,

State of Illinois, at 3906 w monroe Chicago IL 60624 ,
(identify location as precisely as possible)

when defendant violated plaintiff's civil rights as follows *(Place X in each box that applies)*:

☐ arrested or seized plaintiff without probable cause to believe that plaintiff had committed, was committing or was about to commit a crime;
☐ searched plaintiff or his property without a warrant and without reasonable cause;
☐ used excessive force upon plaintiff;
☐ failed to intervene to protect plaintiff from violation of plaintiff's civil rights by one or more other defendants;
☐ failed to provide plaintiff with needed medical care;
☐ conspired together to violate one or more of plaintiff's civil rights;
☑ Other:
Retention of surplus equity following tax sale without Just Compensation in violations of the fifth and fourteenth amendment Deprivation of property without due process of Law.

2

_____.

7. Defendant officer or official acted pursuant to a custom or policy of defendant municipality, county or township, which custom or policy is the following: (*Leave blank if no custom or policy is alleged*): Defendants acted pursuant to an official policy, practice, or custom of Cook County permitting the retention of surplus proceeds and equity following tax sales without providing just compensation to former property owners.

8. Plaintiff was charged with one or more crimes, specifically:

_____

_____

_____

_____

_____

9. (*Place an X in the box that applies. If none applies, you may describe the criminal proceedings under "Other"*) The criminal proceedings

☐ are still pending.

☐ were terminated in favor of plaintiff in a manner indicating plaintiff was innocent.[1]

☐ Plaintiff was found guilty of one or more charges because defendant deprived me of a fair trial as follows_____

_____.

☐ Other: _____.

_____

[1]Examples of termination in favor of the plaintiff in a manner indicating plaintiff was innocent may include a judgment of not guilty, reversal of a conviction on direct appeal, expungement of the conviction, a voluntary dismissal (SOL) by the prosecutor, or a *nolle prosequi* order.

10. Plaintiff further alleges as follows: (*Describe what happened that you believe supports your claims. To the extent possible, be specific as to your own actions and the actions of each defendant.*)

Plaintiff was the lawful owner of real property located in Cook County Illinois. The property became subject to a tax sale pursuant to illinois law. The amount of delinquent taxes and associated charges was substantially less than the fair market value of the property. Following the tax sale and issuance of a tax deed, Defendants caused the transfer of title and retained or allowed the retention of the full value of the property without providing plaintiff with Just compensation for the surplus equity remaining after satisfaction of the tax debt. At the time of the transfer, the property had a fair market value substantially exceeding the amount owed in taxes. Defendants, acting under color of state law and pursuant to official policy and practice, deprived plaintiff of surplus equity without Just compensation, and without adequate procedural safe guards. in violation of the fifth and fourteenth amendment to the Constitution.

11. Defendant acted knowingly, intentionally, willfully and maliciously.

12. As a result of defendant's conduct, plaintiff was injured as follows:

Plaintiff suffered the loss of substantial property equity exceeding the amount of tax debt owed, as well as financial harm and loss of property rights protected by the Constitution.

13. Plaintiff asks that the case be tried by a jury. ☑ Yes ☐ No

4

14. Plaintiff also claims violation of rights that may be protected by the laws of Illinois, such as false arrest, assault, battery, false imprisonment, malicious prosecution, conspiracy, and/or any other claim that may be supported by the allegations of this complaint.

**WHEREFORE,** plaintiff asks for the following relief:

A. Damages to compensate for all bodily harm, emotional harm, pain and suffering, loss of income, loss of enjoyment of life, property damage and any other injuries inflicted by defendant; including compensation for loss of surplus property equity.

B. ☐ *(Place X in box if you are seeking punitive damages.)* Punitive damages against the individual defendant; and

C. Such injunctive, declaratory, or other relief as may be appropriate, including attorney's fees and reasonable expenses as authorized by 42 U.S.C. § 1988.

Plaintiff's signature: _Cornelis Cobbs_

Plaintiff's name *(print clearly or type)*: _Cornelius Cobbins_

Plaintiff's mailing address: _3906 w monroe_

City _Chicago_ State _IL_ ZIP _60624_

Plaintiff's telephone number: (_312_) _734-0461_.

Plaintiff's email address *(if you prefer to be contacted by email)*: _King Specks 33 @ gmail.com_

15. Plaintiff has previously filed a case in this district. ☑ Yes ☐ No

*If yes, please list the cases below.*

*Any additional plaintiffs must sign the complaint and provide the same information as the first plaintiff. An additional signature page may be added.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
Cornelius Cobbins,

Plaintiff,

v.

Cook County Treasurer, in official capacity;

Cook County Clerk, in official capacity;

Cook County, Illinois;

RIZ Holdings LLC,

Defendants.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(42 U.S.C. § 1983 – Fifth and Fourteenth Amendments)

I. INTRODUCTION

This action arises from the retention of Plaintiff's surplus equity following a tax sale process in Cook County, Illinois.

Plaintiff does not seek review, reversal, or modification of any state court judgment.

Instead, Plaintiff seeks compensation for the independent federal constitutional injury caused by Defendants' retention of property value in excess of the tax debt, in violation of the Takings Clause of the Fifth Amendment as applied to the States through the Fourteenth Amendment.

Under Tyler v. Hennepin County, 598 U.S. 631 (2023), the government may not take and retain surplus equity beyond what is owed in taxes without just compensation.

II. JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States.

Venue is proper in this District under 28 U.S.C. § 1391 because the property at issue is located in Cook County, Illinois, and the events giving rise to this action occurred within this District.

III. PARTIES

Plaintiff Cornelius Cobbins was the lawful owner of real property located at 3906 W. Monroe St., Chicago, Illinois.

Defendant Cook County Treasurer administers delinquent property tax sales under Illinois law.

Defendant Cook County Clerk issues tax deeds pursuant to Illinois statute.

Defendant Cook County is responsible for implementing and enforcing policies and procedures governing tax sales.

Defendant RIZ Holdings LLC acquired the subject property through the tax sale process authorized by Cook County and Illinois law.

At all relevant times, Defendants acted under color of state law.

IV. FACTUAL ALLEGATIONS

Plaintiff held legal title and equitable ownership in the subject property prior to the tax sale.

The fair market value of the property at the time of transfer was approximately $275,000.

The delinquent tax amount underlying the tax sale was approximately $4,100.

Through the Cook County tax sale process, the property was transferred to Defendant RIZ Holdings LLC.

Plaintiff received no compensation for the surplus equity remaining after satisfaction of the tax debt. Defendant Riz Holding LLC acquired Plaintiff's property through and pursuant to the

statutory tax sale process administered and enforced by Cook County, thereby jointly participating in the state created deprivation of Plaintiff's surplus equity.

The difference between the tax debt ($4,100) and the property value (approximately $275,000) represents surplus equity of approximately $270,900.

Defendants, through operation of Illinois' tax sale system and related policies, caused the retention of Plaintiff's surplus equity.

Plaintiff's injury is the loss of surplus equity exceeding the amount owed in taxes.

Plaintiff does not challenge the procedural validity of any state court judgment in this action.

Plaintiff seeks compensation for the independent constitutional injury arising from the retention of surplus value beyond the tax debt.

COUNT I

TAKING WITHOUT JUST COMPENSATION

(Fifth and Fourteenth Amendments – 42 U.S.C. § 1983)

Plaintiff incorporates paragraphs 1–22.

The Takings Clause prohibits the government from taking private property for public use without just compensation.

In Tyler v. Hennepin County, the United States Supreme Court held that a government violates the Takings Clause when it retains surplus equity beyond the amount of delinquent taxes owed.

Defendants' actions, policies, and enforcement of Illinois' tax sale framework resulted in the retention of Plaintiff's surplus equity.

The retention of approximately $270,900 constitutes a taking of private property.

Plaintiff has not been provided just compensation.

As a direct result, Plaintiff has suffered monetary damages equal to the value of the surplus equity retained.

COUNT II

MUNICIPAL LIABILITY (Monell Claim Against Cook County)

Plaintiff incorporates paragraphs 1–29.

The retention of surplus equity occurred pursuant to Cook County's policies, customs, and enforcement of Illinois' tax sale procedures.

Cook County's implementation of these procedures caused the deprivation of Plaintiff's constitutional rights.

Cook County is liable under 42 U.S.C. § 1983 for maintaining and enforcing policies that resulted in the unconstitutional taking of surplus equity.

DAMAGES

Fair Market Value: approximately $275,000

Tax Debt Satisfied: approximately $4,100

Surplus Equity Retained: approximately $270,900

Plaintiff seeks just compensation in an amount equal yo the surplus equity retained, estimated at approximately $270,900, or such amount as proven at trial

RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that the retention of surplus equity in excess of the tax debt violates the Takings Clause of the Fifth Amendment;

B. Award Plaintiff just compensation for the surplus equity retained;

C. Award compensatory damages pursuant to 42 U.S.C. § 1983;
D. Award pre-judgment and post-judgment interest as allowed by law;
E. Award costs of suit and any allowable fees under 42 U.S.C. § 1988;
F. Grant such other monetary relief as this Court deems just and proper.
G. Award reasonable attorney fees and cost pursuant to 42.u.s.c ss 1988;